O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL PARSON,<br><br>            Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>            Defendant. | Case No. EDCV 07-1289 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff filed a Complaint herein on October 12, 2007, seeking review of the Commissioner's denial of her application for Supplemental Security Income benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on June 27, 2008. Thus, this matter now is ready for decision.[1]

**DISPUTED ISSUES**

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

    1.    Whether the Administrative Law Judge ("ALJ") properly considered the opinion of plaintiff's treating physician.

    2.    Whether the ALJ properly considered the consultative examiner's opinion.

    3.    Whether the ALJ should have obtained vocational expert testimony.

    4.    Whether the ALJ properly developed the record.

## DISCUSSION

With respect to Disputed Issue No. 4, as discussed hereafter, the Court disagrees with plaintiff that the ALJ failed to properly develop the record with respect to plaintiff's need for a wheelchair. However, the Court is unable to affirm the ALJ's determination of plaintiff's residual functional capacity ("RFC") because, as discussed hereafter, the Court concurs with plaintiff that the ALJ failed to properly consider the opinions of plaintiff's treating physician and the consultative examiner regarding the severity of the limitations attributable to plaintiff's mental impairment. The Court's findings and conclusions with respect to Disputed Issue Nos. 1 and 2 render it unnecessary for the Court to address the third disputed issue raised by plaintiff (i.e., whether the ALJ erred in his vocational determination).

**A.**    **<u>The ALJ did not fail in his duty to develop the record with respect to plaintiff's need for a wheelchair.</u>**

Under the Commissioner's regulations, both the claimant and the Social Security Administration ("SSA") bear a regulatory responsibility for developing the evidentiary record. It was incumbent on plaintiff to provide medical evidence showing that she had an impairment, and how severe that impairment was during the

time she claimed to be disabled. See 20 C.F.R. § 416.912(c). Before deciding that plaintiff was not disabled, it was incumbent on the SSA to develop plaintiff's complete medical history for at least the 12 months preceding the month in which plaintiff filed her application and to make every reasonable effort to help plaintiff get medical reports from her medical sources when plaintiff gave her permission to request the reports. See 20 C.F.R. § 416.912(d). Here, the record reflects that the SSA fulfilled its affirmative obligation under 20 C.F.R. § 416.912(d) to assist plaintiff in securing medical evidence from the treating sources for which plaintiff gave her permission (see AR 115-533); that, when plaintiff (through her current counsel) submitted her request for an administrative hearing on March 7, 2006, she indicated on the form that she did not have any additional evidence to produce (see AR 32); that, following the request for a hearing, the SSA advised plaintiff on March 28, 2006 that, if she had additional evidence she wanted the ALJ to consider, she needed to submit it, and that she should contact the SSA if she needed help securing additional evidence (see AR 28); that the SSA sent another letter to plaintiff's counsel on March 13, 2007 in which the SSA reiterated that it was plaintiff's responsibility to provide the relevant medical evidence and asked plaintiff's counsel to advise the SSA when all the relevant medical evidence was up-to-date and the case was ready to be scheduled (see AR 22); and that plaintiff, who was represented by her current counsel at the administrative hearing, did not raise the issue of the medical evidentiary record being incomplete at the administrative hearing or request that the record be kept open for supplementary medical evidence (see AR 536-43).

     For the foregoing reasons, as well as those stated by the Commissioner (see Jt Stip at 15-16), the Court finds that reversal is not warranted based on the alleged failure of the ALJ to properly develop the record with respect to plaintiff's need for a wheelchair.

**B.**     **The ALJ failed to properly consider the opinion of plaintiff's treating**

**physician.**

The Court concurs with plaintiff that the ALJ erred by disregarding the opinion of plaintiff's treating psychiatrist, Dr. Edlund, that plaintiff's current Global Assessment of Functioning ("GAF") as of October 12, 2005 was 40[2] (see AR 313) without providing specific and legitimate reasons for rejecting Dr. Edlund's opinion that were based on the substantial evidence of record. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

Although the Commissioner has purported to articulate reasons in the Joint Stipulation for why the ALJ was not required to account for Dr. Edlund's opinion in his determination of plaintiff's RFC, the Court is unable to consider such reasons. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Secretary of Health & Human Services, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").[3]

---

[2] A GAF of 40 is indicative of "[s]ome impairment in reality testing or communication . . . or major impairment in several areas, such as work or school, family relations, judgment, thinking or mood *(e.g., depressed man avoids friends, neglects family, and is unable to work ...)*." See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed.). By way of contrast, the GAF range for "absent or minimal symptoms" is 81-90, the range for "mild symptoms" is 61-70, the range for "moderate symptoms" is 51-60, and the range for "serious symptoms" (which encompasses as an example "unable to complete a job") is 41-50. See id.

[3] Further, the Court disagrees with the Commissioner that the State agency physician's opinion constituted "substantial evidence" upon which the ALJ could properly rely, in the face of Dr. Edlund's conflicting opinion. See, e.g., Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) ("The opinion of a nonexamining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician."); Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies

### C. The ALJ failed to properly consider the opinion of the consultative examiner.

As plaintiff points out, one of the opinions rendered by the consultative examiner, Dr. Singer, was that "the claimant's anxiety and multiple medical problems would be distractors that may significantly interfere with the claimant's ability to complete a normal day of work." (See AR 178). To the extent that the ALJ's RFC determination constituted an implicit rejection of that opinion, it was incumbent on the ALJ to provide "specific and legitimate" reasons that were supported by substantial evidence in the record. See Regennitter v. Commissioner, 166 F.3d 1294, 1298-99 (9th Cir. 1999); Lester, 81 F.3d at 830-31.

However, the ALJ failed to articulate a single reason for implicitly rejecting the foregoing opinion of Dr. Singer. Although the Commissioner maintains that the ALJ did not reject Dr. Singer's opinion, the ALJ's discussion of Dr. Singer's evaluation in the hearing decision was selective. The ALJ referenced some of the statements from Dr. Singer's report, but he ignored the opinion quoted above. (See AR 17).

### CONCLUSION

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate

---

the rejection of the opinion of either an examining physician or a treating physician."). The Court also notes that the ALJ rejected the State agency physician's opinion that, as a result of plaintiff's depression, she was moderately impaired in her ability to maintain concentration, persistence, or pace. (See AR 16, 193).

where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, with respect to Disputed Issue No. 1, plaintiff implicitly has conceded that a remand for further development of the record is warranted. (See Jt Stip at 6-7 ("[T]his matter requires remand, with the instruction that the ALJ properly consider the treating psychiatrist's opinion.")). Likewise with respect to Disputed Issue No. 2. (See Jt Stip at 8 ("Remand of this matter is therefore required.")). The Court concurs.

## ORDER

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[4]

DATED: July 3, 2008

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court is not foreclosing the possibility of the ALJ rejecting the opinions of the treating psychiatrist and consultative examiner on remand, based on the substantial evidence of record and application of the proper legal standards, or otherwise limiting the scope of the remand.